## NORTH CHELSEA.

A reasonable time ought to be allowed, after a meeting for the choice of a representative is opened, to make, discuss and determine, a motion to send or not to send, especially when a town is not constitutionally entitled to send a representative every year: and if such reasonable time is not allowed, an election subsequently effected is void.

It seems, that, under the statute of 1851, c. 226, if an unsealed envelope is found in the ballot-box, the presumption is to be, till the contrary appears, that it was properly sealed when deposited; but if an envelope is unsealed when deposited, the vote enclosed in it is to be rejected.

A vote for representative, since the statute of 1851, c. 236, cannot legally be counted unless it is enclosed in an envelope.

THE election of John F. Fenno, the member returned from North Chelsea, being controverted by John Pierce and others,

---

[2] 74 J. H. 195.

the committee on elections reported thereon, as follows, on the 18th of February:—

" A town-meeting was held in North Chelsea, on the 4th Monday of November last, for the purpose of electing a representative. Soon after the warrant was read by the town clerk, a clergyman who was present offered a prayer, at the request of the selectmen. Immediately after the prayer, or very soon after it, the selectmen declared the poll to be open, and commenced receiving votes. One of the legal voters, who was present, made a motion, which was seconded, not to send a representative; but it did not appear in evidence, that any of the selectmen heard the motion, or the seconding of it, nor are the committee satisfied, that the motion was made and seconded before the balloting commenced. The town of North Chelsea has a right to send a representative only three times during every ten years.

The result of the balloting, as declared by the selectmen, was as follows:—whole number of votes, 138; necessary to a choice, 70; John F. Fenno had 69; Henry F. Coolidge had 38; David Belcher had 16; Hiram Plummer had 15.

Two unsealed envelopes were found in the ballot-box, one of which contained a vote for John F. Fenno, and the other contained a vote for David Belcher, and both of these votes were counted. There was also one vote for John F. Fenno, which was found in the ballot-box, and which was not enclosed in an envelope, and was not counted.

The selectmen declared that there was no choice of a representative, and the meeting was dissolved.

Subsequently, a majority of the selectmen (the board consisting of three) gave Mr. Fenno a certificate of his election,[1] on the ground, that the unsealed envelope containing the vote for David Belcher was, in their opinion, not sealed when it was deposited in the ballot-box, and ought, therefore, to have been rejected.

[1] By st. 1852, c. 82, it is now provided, that "No selectman of any town in this commonwealth shall give a certificate of election to any person voted for as a representative to the general court, which certificate shall not be in accordance with the declaration of the vote in open town-meeting, at the time when the election so certified took place, under a penalty of three hundred dollars."

Upon these facts, the committee are of the opinion, that where a town has not the right to send a representative every year, the question whether it will, or will not send, in a particular year, is an important question, and one seriously affecting the rights and privileges of the town; that, therefore, a reasonable time ought always to be allowed, after a town-meeting is opened, to make, discuss, and determine motions not to send a representative; that in the case now under consideration, such reasonable time was not allowed; and that upon this ground, if upon no other, Mr. Fenno was not legally elected.

The committee are further of the opinion, that where unsealed envelopes are found in the ballot-box, the presumption ought to be, till the contrary appears, that they were sealed when deposited; inasmuch as the law requires them to be sealed, and it is to be presumed that every voter complies with the law, till he is proved to have disregarded it. The evidence, as to whether the unsealed envelope containing the vote for David Belcher was sealed when it was put into the ballot-box, is very conflicting, and, in the opinion of the committee, is not sufficient to rebut the presumption referred to, that it was sealed when deposited. On this ground, the committee are of the opinion, that Mr. Fenno did not have a majority of the whole number of legal votes which were polled.

The committee have no hesitation in saying, that as the law now stands, a vote cannot be legally counted unless it is enclosed in an envelope, and that, therefore, the selectmen properly rejected the vote, which was given, under such circumstances, for Mr. Fenno."

The report was agreed to, and the election of Mr. Fenno declared void, accordingly, on the 24th of February.[1]

[1] 74 J. H. 270.